[No. 11539.   Department Two. — May 25, 1887.]

EMELINE WALLACE, APPELLANT, v. T. W. MAPLES, RESPONDENT.

CROPPING CONTRACT — INDEPENDENT COVENANTS — PERFORMANCE — TITLE TO CROP. — A contract for the farming of land on shares provided in a particular article thereof, numbered 7, that the grain grown by the defendant, the cropper, should be the property of the plaintiff, the owner of the land, and that the defendant should have no right or authority to sell or dispose of it, until he had performed all the covenants contained in an article numbered 8, upon which performance he should become entitled to a certain portion of the crop. The defendant performed all the covenants contained in the eighth article, but failed to perform certain covenants contained in other portions of the contract. *Held*, that the covenants contained in articles 7 and 8 were independent, and that the defendant, upon his failure to perform other covenants, did not forfeit his right to the crop.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*A. N. Drown*, and *Brown & Daggett*, for Appellant.

*Atwell & Bradley*, and *A. B. Hunt*, for Respondent.

McFARLAND, J.—This is an action to recover certain wheat or its value. The sheriff took possession of the property under the statute, and delivered it to plaintiff. Defendant answered, denying plaintiff's right to the wheat, averred ownership in himself, and claimed a return of the property or its value. The case was tried without a jury, and the court found in favor of defendant, and gave him judgment for the return of 4,360 sacks of wheat, or $7,935.20, found to be its value. Plaintiff appealed from the judgment and from an order denying a new trial.

The litigation arose out of a long written contract between the parties about the farming of certain lands belonging to plaintiff. The contract is formally divided

into twelve articles, numbered consecutively from " article 1 to article 12." The main drift of the contract is as follows: Defendant was to have possession of the lands, to be farmed and cultivated by him for the term of four years from October 1, 1884; he was to cultivate all of said lands each season in a skillful and thorough manner, in alfalfa, corn, and wheat, at his own expense, and also to harvest, thrash, and sack the crops of corn and wheat; he was to give certain alfalfa and alfalfa seed to plaintiff; he was to pay all assessments on certain stock of water companies which furnished water for irrigating the land, and he was to do certain other things not important to be here mentioned. At the end of the harvest, and after the corn and wheat were sacked, defendant, upon certain conditions being complied with, was to have four fifths of the grain, and plaintiff was to have one fifth.

During the first year of the term, defendant failed to perform some parts of his contract. The main failures relied on by plaintiff are,—1. That he failed to pay a small part of the assessments due on the water stock; and 2. That a part of the land was not cultivated, or at least was not cultivated in a " skillful and thorough manner." And plaintiff assumed that on account of these breaches of the contract defendant forfeited, or rather never acquired any interest in, the wheat which he raised on the lands. Upon this theory, after defendant had harvested, thrashed, and sacked the wheat raised that year, and delivered one fifth to plaintiff, and had hauled the other four fifths to a warehouse as his own, she commenced this action and took possession of it all.

The main question to be determined in the case is, whether the covenants of articles 7 and 8 of the contract are independent covenants, or whether all the covenants are mutual and dependent. The parts of the contract which respondent failed to comply with, as above stated, are not contained in said articles 7 and 8. Article 7 provides that all the wheat and corn shall be the prop-

erty of appellant, and that respondent shall have no right or authority to sell or dispose of it "until all the stipulations and covenants *contained in article 8 hereof* are fully performed by said party of the second part." The first part of article 8 contains covenants of respondent that he will mark one fifth of the grain when sacked in a particular manner, and deliver it at a warehouse to be designated by appellant; that he will then pay appellant certain moneys for loans and advances with interest, and that he will also pay appellant all moneys due on account of sales of her alfalfa, hay, and seed, etc. Respondent fully complied with all his covenants contained in said article 8. The article then proceeds as follows : "And said party of the first part [appellant] agrees that upon the full performance by said party of the second part [respondent] of all the stipulations and covenants *in this article above specified,* but not otherwise, she will deliver to said party of the second part, to have and hold as his property, four fifths of each crop of wheat and corn produced upon said lands while the same are cultivated by said party of the second part under this agreement, which said four fifths of said crop shall be delivered to said party of the second part on the land when the same is thrashed and put in sacks, and which four fifths of said crops said party of the second part agrees to take and receive as his compensation for his labor and expense in cultivating said lands to corn and wheat under this agreement.

It seems to us clear that the provisions of article 7 and 8 are independent covenants; and that upon a full compliance with them, respondent became the owner of four fifths of the wheat. Of course, if respondent violated any of his covenants not contained in said two articles, appellant has her remedy in an action to recover whatever damages she has sustained by such violation.

There is nothing in the point that appellant did not "deliver" the wheat in contest to respondent. Respond-

ent already had the actual possession of both the land and the wheat, and there was no further act of delivery to be done by appellant.

Judgment and order affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.